**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CARA A.,**[1]

    **Plaintiff,**

       **v.**                                  **Civil Case No. 3:24-cv-670**

**FRANK BISIGNANO,**[2]
*Commissioner of the
Social Security Administration,*

    **Defendant.**

**FINAL MEMORANDUM ORDER**

In this action, Plaintiff Cara A. ("Plaintiff") seeks review of the Commissioner of the

Social Security Administration's ("Commissioner") decision to deny her application for benefits.

This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Report and

Recommendation (the "Objection"). (ECF Nos. 18, 19.) On August 11, 2025, Magistrate Judge

Summer L. Speight entered the Report and Recommendation (the "R&R"). (ECF No. 17.)

Plaintiff raises one objection to the reasoning of the Administrative Law Judge ("ALJ"),

and by extension the Magistrate Judge's decision that adopted the ALJ findings. Plaintiff objects

that the ALJ "failed to properly evaluate the supportability factor [under 20 C.F.R.

§ 404.1520c(c)(1)] when evaluating [the medical opinion of] Dr. [Keith] Burwell regarding

---

[1] The Committee on Court Administration and Case Management of the Judicial
Conference of the United States recommends that, due to significant privacy concerns in social
security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the
former Acting Commissioner as Defendant in this Action. 42 U.S.C. § 405(g). No further action
need be taken. 42 U.S.C. § 405(g).

[Plaintiff's] fibromyalgia." (ECF No. 19, at 1.)

The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, (ECF No. 13), and affirm the decision of the ALJ. (ECF No. 17, at 2.) After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objection and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law. For the reasons articulated below, the Court finds that Plaintiff's Objection lacks merit and therefore DENIES Plaintiff's Motion for Summary Judgment, (ECF No. 13), GRANTS Defendant's Motion for Summary Judgment, (ECF No. 15), and ADOPTS the Report and Recommendation of the Magistrate Judge, (ECF No. 17), as the opinion of the Court.

## I. PROCEDURAL HISTORY

On January 23, 2025, Plaintiff filed her Motion for Summary Judgment. (ECF No. 13.) On February 24, 2025, the Commissioner filed his Motion for Summary Judgment. (ECF No. 15.) On August 11, 2025, Magistrate Judge Speight issued her R&R recommending denial of Plaintiff's motion. (ECF No. 17.) On August 25, 2025, Plaintiff filed her Objection. (ECF No. 18.) On August 29, 2025, the Commissioner filed Defendant's Response to Plaintiff's Objections. (ECF No. 20.)

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the

2

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quotation omitted). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### III.  ANALYSIS

#### A.    The ALJ Appropriately Considered Dr. Burwell's Medical Opinion

Dr. Burwell "treated [Plaintiff] for her fibromyalgia" and "completed two separate medical source statements specifically outlining his opinions regarding the impact of [Plaintiff's] fibromyalgia on her ability to function." (ECF No. 19, at 1.) "The ALJ found Dr. Burwell's opinions were mainly based on Plaintiff's subjective complaints, overly restrictive, an overstatement of the evidence, and inconsistent with the medical record, including the state agency reviewing physicians' opinions and Plaintiff's daily activities." (ECF No. 17, at 10 (citing R. at 1077–78).) Plaintiff objects that the ALJ "rejected [Dr. Burwell's] opinions without properly explaining why." (ECF No. 19, at 1.)

Plaintiff emphasizes that the ALJ failed to properly evaluate Dr. Burwell's opinion under

3

the "supportability" factor outlined in 20 C.F.R. § 404.1520c(c)(1).  (ECF No. 19, at 1.)  But the Magistrate Judge correctly concluded that the ALJ "considered the supportability of Dr. Burwell's opinions," "did not improperly discount Plaintiff's subjective complaints regarding her fibromyalgia based on objective evidence," and "reasonably found that Dr. Burwell's opinions lacked support."  (ECF No. 17, at 15–18.)

Plaintiff responds that Dr. Burwell was "*the* expert specifically treating [Plaintiff's] fibromyalgia. . . . As such, there was even more reason to listen to Dr. Burwell's expertise." (ECF No. 19, at 2 (emphasis added).)  Plaintiff further responds that "Dr. Burwell's notes documented the presence of [symptoms pertaining to fibromyalgia such as] tender points, nonrestorative sleep, chronic fatigue, anxiety, swelling, depression, cognitive impairments, myofascial pain, severe headaches, and tingling and numbness."  (ECF No. 19, at 2–3.) According to Plaintiff, "[t]he ALJ's limited view of the record and limited understanding of fibromyalgia led to an improper rejection of Dr. Burwell's opinions as well as an improper consideration of the supportability factor."  (ECF No. 19, at 3.)  Again, the Magistrate Judge rightly noted that the ALJ considered Dr. Burwell's treatment records and Dr. Burwell's findings on examination.  (ECF No. 17, at 17 (citing R. at 1073, 1074, 1077).)  As the Magistrate Judge correctly concluded, "[g]iven the ALJ's prior analysis of Dr. Burwell's treatment notes and Plaintiff's subjective statements, the ALJ reasonably found that Dr. Burwell's opinions lacked support, were overly restrictive, and overstated the evidence."  (ECF No. 17, at 18 (citing R. at 1077).)

Plaintiff's objection merely "takes a different view of the evidence," and the Court will "decline[] to reweigh conflicting evidence or substitute its judgment for that of the ALJ."  (ECF

No. 17, at 19 (internal citation omitted).)  The Court therefore OVERRULES Plaintiff's objection to the R&R.

## IV.  CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision.  The Court ORDERS that:

(1) Plaintiff's Objection to the R&R, (ECF No. 18), is OVERRULED;

(2) The R&R, (ECF No. 17), is ADOPTED on the basis of the reasoning in the R&R;

(3) Plaintiff's Motion for Summary Judgment, (ECF No. 13), is DENIED;

(4) The Commissioner's Motion for Summary Judgment, (ECF No. 15), is GRANTED; and,

(5) The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 09/24/25
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge